■ DANIEL ROSENZWEIG, Respondent, v. ALEX B. AVZAR et al., Appellants.— In an action to cancel an allegedly coerced sale of plaintiff's one-half interest in a partnership (first cause of action) and to recover damages (second cause of action), defendants appeal from a judgment of the Supreme Court, Kings County, entered July 10, 1969 after a nonjury trial, which set aside the sale and awarded plaintiff money damages against defendants. Judgment modified, on the law and the facts, by striking therefrom the first decretal paragraph. As so modified, judgment affirmed, with costs to plaintiff. We are of the opinion that the provisions of the judgment which void the bill of sale and also award plaintiff money damages for the deprivation of his partnership

interest (he did not wish to return to the partnership) are inconsistent. We are therefore constrained to delete the first decretal paragraph of the judgment, which sets aside the bill of sale. However, such deletion does not affect the basic determination herein. The record supports Special Term's determination that defendants conspired to deprive plaintiff of his half interest in the partnership and that defendant DeSapio coerced plaintiff into executing the bill of sale, by holding a knife in his ribs. We therefore affirm the provisions of the judgment which award plaintiff $3,000 as compensatory damages and $7,000 as punitive damages. Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.